# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE - GREENEVILLE

**DUSTIN RICE,**

    **Plaintiff,**

**v.**

**KINGSPORT TENNESEE POLICE DEPARTMENT;**

**OFFICER RILEY EATON-DYE, individually,
and in his official capacity;**

**OFFICER ADDINGTON, individually,
and in his official capacity;**

**OFFICER BATES, individually,
and in his official capacity;**

**JOHN DOE OFFICER #1 & #2, individually,
and their official capacity;**

**TOM PATTON, individually,
and in his official capacity;**

**THE CITY OF KINGSPORT, TENNESSEE,**

    **Defendants.**

**No. _____**

**JURY DEMANDED**

## COMPLAINT FOR DAMAGES

JURISDICTION AND VENUE

1. This action arises under 42 U.S.C. § 1983 and 42 U.S.C. § 1343 and is within the subject matter jurisdiction of this Court pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over other claims.

1

2. Venue is proper in the Eastern District of Tennessee under 28 U.S.C. § 1391(b) because the events giving rise to this action occurred within this district, and the defendants are residents, employees, or entities in this district.

PARTIES

3. Plaintiff, Dustin Rice, is an individual residing at 2040 Sherwood Rd, Kingsport, TN 37664.

4. Defendant Kingsport Police Department is a law enforcement agency located at 200 Shelby Street, Kingsport, TN 37660 and may be served at the same. It is responsible for the actions and conduct of its employees acting within the scope of their employment and to assure that actions, policies, rules, regulations, practices, and procedures of the Department are followed and comply with the laws and constitutions of the United States and the State of Tennessee.

5. Defendant Officer Riley Eaton-Dye is an individual employed by the Kingsport Police Department. He may be served at 200 Shelby Street, Kingsport, TN 37660. He is a law enforcement officer acting under color of state law within the Eastern District of Tennessee. He is sued herein in his individual capacity and as principal on his official bond.

6. Defendant Officer Addington is an individual employed by the Kingsport Police Department. His full name is unknown but may be ascertained through the Defendant's own records. He may be served at 200 Shelby Street, Kingsport, TN 37660. He is a law enforcement officer acting under color of state law within the Eastern District of Tennessee. He is sued herein in his individual capacity and as principal on his official bond.

7. Defendant Officer Bates is an individual employed by the Kingsport Police Department. His full name is unknown but may be ascertained through the Defendant's own records. He may be served at 200 Shelby Street, Kingsport, TN 37660. He is a law enforcement officer acting under color of state law within the Eastern District of Tennessee. He is sued herein in his individual capacity and as principal on his official bond.

8. Defendant John Doe Officers #1 and #2 are individuals employed by the Kingsport Police Department. Their names are unknown to Plaintiff, but they are law enforcement officers acting under color of state law within the Eastern District of Tennessee. Their names may be ascertained through the Defendant's own records.

9. Defendant Tom Patton is an individual employed or associated with the Kingsport Police Department who made false statements on behalf of the department, acting under color of state law within the Eastern District of Tennessee. He is sued herein in his individual capacity and as principal on his official bond. He may be served at 200 Shelby Street, Kingsport, TN 37660.

10. Defendant City of Kingsport is a municipal entity located at 415 Broad Street, Kingsport, TN 37660. The Chief Executive officer is Mayor Patrick Shull who may be served at 225 West Center Street, Kingsport TN 37660. The City of Kingsport is responsible for the policies, practices, and customs of the Kingsport Police Department.

FACTUAL ALLEGATIONS

11. On July 11, 2022, at approximately 15:04 hours, Officer Riley Eaton-Dye, while acting under color of state law, received information that Dustin Rice, the plaintiff, was in a red

3

Ford Escape and had a warrant out for his arrest from the Sullivan County Sheriff's Office for violation of probation.

12. Officer Addington initiated a traffic stop at East Stone Drive and Waterman Private Drive, and Officers Eaton-Dye and Bates were present during the stop.

13. Despite the plaintiff complying with verbal commands to exit the vehicle, and after a brief chase from the officers, officers began using excessive force against the plaintiff. Available video shows the plaintiff is knocked to the ground by an officer and plaintiff then placed one, if not both, of his hands behind his back while on the ground and stated "... alright, alright… I give up." After that, with two officers in control of the plaintiff on his stomach and/or side, another officer at over twenty feet away runs up, jumps on the plaintiff, and strikes him at least four times in the head with a closed fist, causing his head to make contact with the pavement.

14. The specific officer who struck the plaintiff cannot be definitively determined due to the angle and distance of the video; however, five officers are present on the video and none of the remaining officers attempted to prevent or stop the officer striking the plaintiff although they were in the position, and had a duty, to do so.

15. The use of excessive force by one or more of the officers resulted in injuries to the plaintiff, including injuries to his head and face as documented in the medical records.

16. Additionally, on or after July 11, 2022, Tom Patton, the spokesperson for the Kingsport Police Department, made false and defamatory statements to the media regarding the plaintiff's alleged ingestion of heroin, which were published and caused reputational harm to the plaintiff.

4

17. The City of Kingsport, as the municipal entity responsible for the policies, practices, and customs of the Kingsport Police Department, had policies, practices, and customs that resulted in the violation of the plaintiff's rights. These policies, practices, and customs include the failure to adequately train, supervise, and discipline its officers.

18. The City of Kingsport's policies, practices, and customs resulted in a deliberate indifference to the constitutional rights of individuals within its jurisdiction, including the plaintiff.

19. As a direct and proximate result of the defendants' actions, including the use of excessive force, assault and battery, false imprisonment, defamation, the dissemination of false information, and the City of Kingsport's policies, practices, and customs, the plaintiff suffered physical injuries, emotional distress, reputational harm, and other damages.

CAUSES OF ACTION AND CLAIMS FOR RELIEF

Count I: Excessive Use of Force (42 U.S.C. § 1983)

20. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1-19 as if fully set forth herein.

21. One or more of the defendants, while acting under color of state law, used excessive force or prevented the use of the same against the plaintiff during his arrest, in violation of his rights under the Fourth Amendment of the United States Constitution and state law.

22. As a direct and proximate result of the defendants' actions, the plaintiff suffered physical and emotional injuries, including but not limited to pain and suffering, medical expenses, and loss of enjoyment of life.

Count II: Defamation

23. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1-19 as if fully set forth herein.

24. Defendant Tom Patton made false and defamatory statements to the media regarding the plaintiff's alleged ingestion of heroin in relation to his arrest, as well as false statements as to why medical treatment was necessary, which were published and caused reputational harm to the plaintiff.

25. As a direct and proximate result of the defendant's defamatory statements, the plaintiff suffered damage to his reputation, emotional distress, and other consequential damages.

Count III: Assault and Battery

26. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1-19 as if fully set forth herein.

27. One or more of the defendants intentionally struck the plaintiff multiple times in the head, causing him physical injuries and constituting assault and battery under state law.

28. As a direct and proximate result of the defendants' assault and battery, the plaintiff suffered physical harm, pain and suffering, emotional distress, and other consequential damages.

Count IV: Municipal Liability (42 U.S.C. § 1983)

29. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1-19 as if fully set forth herein.

30. The City of Kingsport, as the municipal entity responsible for the policies, practices, and customs of the Kingsport Police Department, is liable for the constitutional violations committed by its officers under the theory of municipal liability.

31. The City of Kingsport had policies, practices, and customs that resulted in the violation of the plaintiff's rights, including the use of excessive force, assault and battery, false imprisonment, defamation, and dissemination of false information.

32. The City of Kingsport failed to adequately train, supervise, and discipline its employees, including Officers Riley Eaton-Dye, Addington, Bates, and John Doe Officers #1 and #2, which resulted in the violation of the plaintiff's rights.

33. The City of Kingsport's deliberate indifference to the constitutional rights of individuals within its jurisdiction led to the injuries and damages suffered by the plaintiff.

34. The City of Kingsport's policies, practices, and customs, as described above, directly caused or contributed to the constitutional violations and resulting harm suffered by the plaintiff.

WHEREFORE, the plaintiff respectfully requests that this Court enter judgment against the defendants as follows:

1. Compensatory damages in an amount to be determined at trial, but not less than $75,000;

2. Punitive damages in an amount to be determined at trial, but not less than $75,000;

3. Attorney's fees and costs incurred in this action including those available under 42 U.S.C. § 1988;

4. Declaratory relief, including a declaration that the defendants' conduct violated the plaintiff's constitutional rights;

5. Injunctive relief, enjoining the defendants from engaging in further unconstitutional conduct;

6. Such other and further relief as this Court deems just and proper.

JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

DATED this 10th day of July, 2023

*/s/ Joshua P. Sutherland, III* _____
Joshua P. Sutherland, III
Counsel for Plaintiff

Attorney for Plaintiff:
Joshua P. Sutherland, III (BPR 026695)
Holston Legal Group
912 Colonial Rd, SW
P. O. Box 105
Abingdon, VA 24212
276-623-0003
joshua@holstonlegal.com